FALCON PRODUCTS, Inc., a California corporation, Plaintiff-Counter-defendant,

H. W. Loud Machine Works, Inc., a California corporation, Counter-defendant,

v.

HOLLOW ROD SALES & SERVICE CO., a California corporation, and Fillmore Improvement Company, a California corporation, Defendants-Counter-plaintiffs.

No. 17202–J.

United States District Court S. D. California, Central Division.

Sept. 22, 1955.

Lyon & Lyon and Reginald E. Caughey, Los Angeles, Cal., for plaintiff and counter-defendants.

Thomas P. Mahoney, Los Angeles, Cal., for defendants and counter-plaintiffs.

JERTBERG, District Judge.

The hearing on the motion of plaintiff and counter-defendants to dismiss the second counterclaim of defendants and counter-claimants came on for hearing before the court on July 18, 1955.

The plaintiff and counter-defendants were represented by Lyon & Lyon and Reginald E. Caughey, and the defendants and counter-plaintiffs were represented by Thomas P. Mahoney.

The motion to dismiss is grounded upon the contention that the court lacks jurisdiction over the subject matter set forth in the second counterclaim.

In its complaint plaintiff seeks a declaratory judgment of invalidity and non-infringement of U. S. Letters Patent 2,639,674 issued to the defendant Fillmore Improvement Co. on May 26, 1953, as assignee of the inventor and patentee. The defendant Hollow Rod Sales and Service Co. is the exclusive licensee under said patent to manufacture, sell and use the product covered thereby. The defendants answered the plaintiff's complaint and filed two counterclaims against the defendants. The first counterclaim is one for infringement of the patent in suit. The second counterclaim is for damages and injunction based upon unfair competition.

**92**

Counsel for all parties agree that the court has jurisdiction over the parties and the subject matter insofar as the complaint and the first counterclaim are concerned.

The only matter before the court on this motion is whether or not the court has jurisdiction over the subject matter of the second counterclaim. The second counterclaim was amended on motion of the plaintiff and by order of court made on June 13, 1955, by adding paragraph XI to the second counterclaim.

The patent in question was issued May 26, 1953, to the defendant Fillmore Improvement Co. The first counterclaim alleges that the defendants have been and are now infringing such letters patent by making, using and selling products embodying the patented invention.

The second counterclaim alleges that on or about January, 1950, and subsequently to the filing of the application for letters patent No. 2,639,674, the defendant Fillmore Improvement Co. entered into an agreement with the counter-defendant H. W. Loud Machine Works, Inc., whereby said last-named was employed to manufacture component parts of the invention which was disclosed in the subsequently issued patent, and that during and prior to the period of such employment Fillmore disclosed to counter-defendants information pertaining to the designs, devices, specifications, drawings, inventions, business practices and other information of value relating to the manufacture of its oil well pump cleaner, with the understanding that such information was to be held in trust and confidence. The counterclaim then alleges that the counter-defendants have competed unfairly by employing for their own profit the information thus disclosed and that they entered into the business of making and selling oil well pump cleaners in competition with Hollow Rod Sales & Service Co. with the intention of destroying the business of such company and did offer said oil well pump cleaner at substantially lower prices in order to destroy the market and to alienate the customers of counter-plaintiff Hollow Rod Sales & Service Co.

The counter-defendants argue that there is no allegation in the second counterclaim as to how counter-defendants used the alleged confidential information except the broad allegation that they employed it for their profit to the disadvantage and injury of the counter-plaintiffs; there is no allegation as to whether said alleged confidential information was unfairly used by the counter-defendants prior to the issuance of said patent or subsequent thereto or any specific time; there is no allegation in the second counterclaim that any of the confidential information allegedly disclosed to the plaintiff and counter-defendants was not contained in the issued patent.

The second counterclaim alleges that the plaintiff and counter-defendants entered into the business of making and selling oil well pump cleaners and offered said oil well pump cleaners at substantially lower prices in order to destroy the market and to alienate the customers of counter-plaintiff, and that the counter-defendants have competed unfairly in the manner alleged since after the alleged disclosures of the confidential information and will so continue unless enjoined.

The counter-defendants were restricted from using the information disclosed to them because of the relationship of trust and confidence existing between them and the plaintiffs, at least until the issuance of the patent. Schreyer v. Casco Products Co., 2 Cir., 190 F.2d 921; Hoeltke v. C. M. Kemp Mfg. Co., 4 Cir., 80 F.2d 912, certiorari denied 298 U.S. 673, 56 S.Ct. 938, 80 L.Ed. 1395.

The counter-plaintiffs base jurisdiction solely on the provisions of 28 U.S.C.A. § 1338(b). The counter-defendants contend that confidential information disclosed three years prior to the issuance of the patent is not so related to the first counterclaim for infringement as to confer jurisdiction over the subject matter of the second counterclaim under the above-mentioned section.

The first counterclaim alleges that counter-defendants have been and

are infringing the letters patent by making, using and selling oil well pump cleaners embodying the patented invention. The second counterclaim alleges that the counter-defendants are using information confidentially disclosed to them relating to the manufacture of the oil well pump cleaner. It is the court's view that both counterclaims have a common background of basic facts and that substantially the same evidence will apply to both counterclaims. Under such circumstances the court has jurisdiction over the subject matter of the second counterclaim under 28 U.S.C.A. § 1338 (b). Landstrom v. Thorpe, 8 Cir., 189 F.2d 46, 26 A.L.R.2d 1170.

It Is Therefore Ordered that the motion to dismiss the second counterclaim for lack of jurisdiction over the subject matter be, and the same is, hereby denied.

The clerk of the court is hereby directed to forthwith mail copies of this Memorandum and Order to all counsel.